UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


MARC EMMERICK                     )
                                  )
v.                                )        NO. 2:07-CV-89
                                  )
SHAWN JUDY, *ET AL.*              )


## MEMORANDUM OPINION AND ORDER

This section 1983 matter is before the Court on the motion of the defendants
Shawn Judy, Jerry Huskins, Sheriff Ed Graybeal, and Washington County Sheriff's
Department for summary judgment, [Doc. 50].[1] The defendants allege that they are
entitled to summary judgment for several reasons: (1) the statute of limitations has run;
(2) probable cause existed for all criminal charges brought against the plaintiff; (3)
Defendant Judy is entitled to qualified immunity; (4) Defendant Huskins is entitled to
quasi-judicial immunity; (5) plaintiff has not stated a cause of action against Sheriff
Graybeal and the Washington County Sheriff's Department; and (6) plaintiff's case should
be dismissed because of his failure to file a witness list, exhibit list, and list of damages
pursuant to this Court's Scheduling Order. The matter is also before the Court on

---

[1]All claims against Joe Crumley, Janet Hardin, and Chris Ledford were previously dismissed by
the Court, for those defendants were entitled to prosecutorial immunity, which is an absolute bar against
suit.

plaintiff's "Motion for Stay of Proceedings and Request for Judicial Fact Finding Hearing," [Doc. 55]. For the reasons set forth below, the plaintiff's motion will be denied. In addition, the defendants' motion will be granted, and the plaintiff's entire suit will be dismissed.

Initially, this Court will address plaintiff's "Motion for Stay of Proceedings and Request for Judicial Fact Finding Hearing," [Doc. 55]. This Court FINDS that the plaintiff has not stated sufficient reasons for staying the proceedings or for a fact finding hearing. The plaintiff's discovery complaints revolve mainly around the plaintiff's own misunderstandings of the rules and procedure. Further, the district court need not hold a hearing on a summary judgment motion in the absence of complex legal or factual questions. If the motion can be resolved on the basis of a paper record, the court may do so. *See Yamaha Corp. of America v. Stonecipher's Baldwin & Organs Inc.*, 975 F.2d 300, 301-02 (6th Cir. 1992) (citing Fed. R. Civ. P. 56(c), 78, 83); *see also*, E.D.TN. LR7.2. The motion does not present complex legal or factual questions.

As to the summary judgment motion, the record shows that on June 15, 2005, Washington County Sheriff's Department officers went to plaintiff's estranged wife's house to investigate a tip that marijuana was being grown at the residence. The officers confiscated two plants from outside of the residence. The next day, Lt. Shawn Judy visited the house, and the plaintiff was present.[2] He was house-sitting for his estranged

---

[2] Lt. Judy has since been promoted to Captain.

wife.  The plaintiff gave the officers his personal information.  According to Lt. Judy, the

plaintiff told Lt. Judy that the plants the other officers confiscated were his, but they were

not marijuana.  The two confiscated plants were received by the Tennessee Bureau of

Investigation ("TBI") crime laboratory on July 6, 2004.[3]  The TBI issued its official report

on October 25, 2004, and Lt. Judy received the report on October 29, 2004.  The report

stated that the plants were 14.4 grams of marijuana.  Thus, on October 29, 2004, after

receipt of the TBI laboratory report, Lt. Judy swore out an Affidavit of Complaint before

Deputy Circuit Court Clerk Jerry K. Huskins.  Mr. Huskins determined that there was

probable cause to believe that on June 15, 2004, the plaintiff committed the offense of

Manufacturing of Schedule VI drugs.

        As a result, Lt. Judy went to plaintiff's estranged wife's house to arrest the

plaintiff.  The plaintiff's estranged wife gave the officers permission to search the

premises.  In the storage shed, the officers found 29 small plants which appeared to be

marijuana growing under a fluorescent lamp.  The plaintiff's estranged wife said the plants

belonged to her husband.  After finding these plants, Deputy Dewayne Cowan swore out

an Affidavit of Complaint before Mr. Huskins charging plaintiff with the manufacturing

of the 29 plants and the use of drug paraphernalia.  Again, Mr. Huskins found that there

was probable cause.  The 29 plants were placed in a plastic bag and sent to the TBI crime

---

        3  The plaintiff states in his response to the defendants' Statement of Undisputed Material
Facts that he disputes "what materials were sent to TBI for testing."  He does not attach an
affidavit or any evidence upon which he bases this conclusory allegation.

laboratory for analysis.

Then, on November 4, 2004, the plaintiff went to the Washington County Sheriff's Department to lodge a complaint, and he was arrested on all three charges. That same day, Sheriff Graybeal issued a news release about the incident, and News Channel 11 apparently reported on the incident.

The TBI lab received the plant material gathered on October 29, 2004, on November 18, 2004. The plant material, according to Lt. Judy, had turned into a "green gooey substance" because of improper storage in the plastic bag. The TBI issued its report, which Lt. Judy received on April 18, 2005. The TBI could not verify that the material was marijuana.

In mid-May, General Sessions Court Judge Robert Lincoln conducted a preliminary hearing. According to Lt. Judy's affidavit, he testified at the preliminary hearing that Count One related to the two plants confiscated on June 15, 2004, which was confirmed to be 14.4. grams of marijuana, Count Two related to the 29 plants, and Count 3 related to possession of marijuana paraphernalia. He further testified that the 29 plants seized on October 29 were not confirmed to be marijuana. Judge Lincoln found probable cause for all counts and bound the matter over to the grand jury. On July 5, 2005, Lt. Judy testified before the grand jury. Part of his testimony was that the department had improperly stored the 29 plants, and the TBI lab could not confirm that the plants were marijuana. The grand jury issued a true bill on all three counts.

Then, on September 16, 2005, Counts Two and Three were dismissed. The remaining count, Count One, was dismissed on December 2, 2005. The plaintiff "filed" his complaint in this case on December 1, 2006.[4]

In the complaint, the plaintiff alleges generally that as a result of his arrest and prosecution, he was subjected to "violations of his person," embarrassment, harsh treatment, and deprivation of his liberty. More specifically, he claims violations of Title 42 United States Code section 1983 for false arrest and "detention and confinement", *see* 42 U.S.C. § 1983 (2010); illegal search and seizure in violation of the Fourth Amendment; violations of Title 42 United States Code sections 1985 and 1986, *see* 42 U.S.C. §§ 1985 and 1986; malicious prosecution; malicious abuse of process in violation of the Sixth Amendment; violations of Title 18 United States Code sections 241 and 242,[5] *see* 18 U.S.C. §§ 241 and 242 (2008); a state law tort claims of intentional infliction of emotional distress, and violation of various sections of the Tennessee Constitution.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts

---

[4]The complaint of a *pro se* plaintiff who applies for permission to proceed *in forma pauperis* is deed "filed" for the statute of limitations purposes when the application and complaint is forwarded to the court clerk. *See Mohler v. Miller*, 235 F.2d 153, 155 (6th Cir. 1956).

[5]As this Court stated in its August 11, 2008 Order, these actions are criminal actions which the defendant cannot bring.

contained in the record and all inferences that can be drawn from those facts in the light

most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900,

907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of

witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine

issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute

such a showing, the non-moving party must present some significant, probative evidence

indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A

mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario,

Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining

whether the case contains sufficient evidence from which a jury could reasonably find for

the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at

907. If the non-moving party fails to make a sufficient showing on an essential element

of its case with respect to which it has the burden of proof, the moving party is entitled to

summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded

jury could not return a verdict in favor of the non-moving party based on the evidence

presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing

Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

First, the defendants claim that the plaintiff's claims relating to not receiving exculpatory evidence or that false evidence was presented are barred by the one-year statute of limitations. The defendants state correctly that the statute of limitations for these types of claims is one year. *See* T.C.A. § 28-3-104(a)(1), (3) (2008); *see also*, *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Sevier v. Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984). Further, the defendants are also correct, and the plaintiff does not dispute, that the Sixth Circuit has held, albeit in an unpublished opinion, that a cause of action accrues for section 1983 purposes when a person learns of the non-disclosure of the favorable evidence, not when his conviction is overturned. *Jackson v. City of Memphis*, No. 94-5344, 1995 WL 122790, at *1 (6th Cir. March 21, 1995) (citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760-62 (9th Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992). According to plaintiff's own filings, he learned of the evidence complained of, at the latest, on August 31, 2005. He did not file his complaint until December 1, 2006, well

outside of the limitations period. Thus, claims relating to not receiving exculpatory evidence or that false evidence was presented are time-barred.

Second, the defendants argue that Counts Two and Three of the state court indictment, the counts relating to the 29 plants and to the alleged drug paraphernalia, were dismissed on September 16, 2005, thus, terminating in plaintiff's favor. The complaint was not filed until December 1, 2006. Therefore, the defendants argue that the malicious prosecution claims relating to these two counts are barred by the one-year statute of limitations.

The defendants are correct that a claim for malicious prosecution must be brought within one year of the malicious suit being terminated in the criminal defendant's favor. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992). As stated, Counts Two and Three were dismissed on September 16, 2005, and the plaintiff filed the complaint on December 1, 2006. Accordingly, the malicious prosecution claims as to Counts Two and Three in the state criminal case are barred by the statute of limitations.

In sum, the defendants' motion as to the statute of limitations claims is **GRANTED**. Accordingly, all claims relating to the plaintiff not receiving exculpatory evidence or that false evidence was presented are **DISMISSED**. In addition, the malicious prosecution claims as to the 29 plants and the alleged drug paraphernalia, Counts Two and Three, are **DISMISSED**.

Third, the defendants argue that the malicious prosecution claim regarding

the plants confiscated on June 15, 2004, must fail because probable cause existed. "In order to establish the essential elements of an action for malicious prosecution, the plaintiff must show that (1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff." *Christian*, 833 S.W.2d at 73. There is no genuine issue of material fact as to this claim.

The TBI lab report clearly states that the plants confiscated on June 15, 2004, were marijuana. Plaintiff disputes that the plants actually sent to the lab were the ones obtained from his estranged wife's yard, and he further disputes that he claimed ownership in the plants. Nevertheless, those unsupported assertions, to which no affidavit or other evidence to the contrary has been filed, do not destroy the fact that there was probable cause to prosecute. A determination of probable cause is not a determination of guilt. Because there is no genuine issue of material fact as to this claim, the defendants' motion in this regard is **GRANTED**. As such, the malicious prosecution claim regarding the June 15, 2004 count, Count One, is **DISMISSED**.

Fourth, Lt. Judy argues that he is entitled to qualified immunity.

In determining an officer's entitlement to qualified immunity [this Court] follow[s] a two-step inquiry. *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). First taken in the light most favorable to the plaintiff, [the Court] decide[s] whether the facts alleged show the officer's conduct violated a constitutional right. *Id.* at 201. If no constitutional right would have been

> violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. If a violation can be made out on a favorable view of the plaintiff's submissions, [the Court] next ask[s] whether the right was clearly established. *Id.*

*Vakilian v. Shaw*, 335 F. 3d 509, 516-17 (6th Cir. 2003). In general, government officials performing discretionary functions are shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The relevant question for the Court regarding whether the right was clearly established is not the subjective intent of the defendant, but whether a reasonable officer would have believed the defendant's conduct to be lawful, in light of the clearly established law and information possessed by the defendant. *Anderson*, 43 U.S. at 640.

Because each of the alleged deprivations of a federal right depend upon the contention that there was no probable cause for the arrest, detention, and prosecution, the success or failure of plaintiff's section 1983 claims against Lt. Judy rests upon his ability to prove a lack of probable cause.[6] Lt. Judy charged the

---

[6]This Court notes that this determination was previously made by the state court. The defendant does not raise this issue and, thus, this Court does not address it on the merits. However, the plaintiff could be collaterally estopped from asserting his claims, considering the state court has already determined that probable cause existed. *See Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001).

defendant with violating Tennessee Code Annotated section 39-17-417, the knowing manufacture of a controlled substance. *See* Tenn. Code Ann. § 39-17-417. Defendant correctly argues that a person may actively or constructively possess a controlled substance. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). "Constructive possession requires proof that a person had 'the power and intention at a given time to exercise dominion and control over. . . [the drugs] either directly or through others.'" *Id.* (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997). The plaintiff was house sitting for his estranged wife when the plants were confiscated. He even admitted that the plants were his. The TBI lab confirmed that the plants were marijuana. These facts were affirmed to Defendant Huskins and a warrant was issued. There was clearly probable cause for the arrest and prosecution.

Because this Court has determined that there was probable cause for the arrest and prosecution, this Court further determines that Defendant Judy did not violate plaintiff's constitutional right. Thus, Defendant Judy is entitled to qualified immunity. The section 1983 charges against defendant Judy are hereby **DISMISSED**. Moreover, the plaintiff alleges in a conclusory manner that Defendant Judy violated Title 42 United States Code section 1985 by conspiring to interfere with his civil rights. Aside from being merely conclusory, the allegations do not sufficiently allege a cause of action. The plaintiff cannot demonstrate the existence of a conspiracy to violate his federal rights if he cannot first demonstrate an underlying deprivation of

a federal right.  As such, the section 1985 claim is **DISMISSED**.

Furthermore, the conspiracy claims against all defendants are hereby **DISMISSED** for the same reasons.  In addition, "'where plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005).  Therefore, all § 1986 claims against all defendants are hereby **DISMISSED**.

Fifth, Defendant Huskins argues that the causes of actions against him should be dismissed because he is entitled to absolute quasi-judicial immunity.  United States District Judge Leon Jordan set forth the standard for immunity regarding court clerks in *Moore v. State of Tennessee*, 3:03-CV-559, 2005 WL 1668365, at *3 (E.D. Tenn. Jul. 18, 2005), as follows:

> It is well established that judges are absolutely immune from suits for money damages for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). "One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994) (holding that court executive who executes court order is entitled to judicial immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988) (holding that court clerk was entitled to judicial immunity for issuing erroneous warrant on judge's order)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. A court clerk is immune when the activity he or she performs

> is integral to the judicial process. *Denman v. Leedy*, 479
> F.2d 1097, 1098 (6th Cir.1973); *Foster*, 864 F.2d at
> 417-18. However, neither judges nor court officers are
> absolutely immune from suits based on the performance of
> non-judicial functions. Id. at 417.

*Id.* Thus, this Court must decide whether Defendant Huskins was performing acts that

are judicial in nature. This Court will apply the functional approach and, in so doing,

will consider the nature of the function performed rather than the identity of the

person performing it. *Bush*, 38 F.3d at 847.

Here, the actions of Defendant Huskins were clearly judicial in nature.

As such, he is entitled to immunity. Therefore, Defendant Huskins' motion is

**GRANTED**, and the case against him is hereby **DISMISSED**.

Sixth, the defendants argue that the plaintiff has failed to state a cause of

action against Sheriff Graybeal and the Washington County Sheriff's Department. To

state a claim for a violation of § 1983, a plaintiff must demonstrate that: (1) a person,

(2) acting under color of state law, (3) deprived him of a federal right. *Sperle v.*

*Michigan Department of Corrections*, 297 F.3d 483, 490 (6th Cir. 2002). The

Washington County Sheriff's Department is not a "person" for purposes of 42 United

States Code section 1983. *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 12(b)(6). According

to *Kurz v. Michigan*, 548 F.2d 172, 174 (6th Cir.), *cert. denied*, 434 U.S. 972 (1977),

and *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991), the Washington County

Sheriff's Department is not a suable entity. The Washington County Sheriff's

Department has no legal or corporate existence apart from Washington County, and thus, it is not a "person" subject to liability under section 1983. Therefore, all claims against it are **DISMISSED**.

As to Sheriff Graybeal in his individual capacity, the defendant is correct that the plaintiff does not make any clear allegations as to Sheriff Graybeal individually. However, he does state, "By permitting Sheriff's Officers the freedom to ridicule, disrespect and otherwise cause public embarrassment [t]o Emmerick while in custody [in November 2004], and by causing Emmerick to be subjected to these [v]iolations[,] Defendant Ed Graybeal has violated Emmerick's constitutional rights[.]" He also states that Sheriff Graybeal released false information via a November 4, 2004 press release.[7] First, the defendant is correct that these claims are time-barred because they were not filed within the one-year statute of limitations. *See* T.C.A. § 28-3-104(a)(1), (3).

Second, it seems that the plaintiff is asserting a failure to supervise claim. Liability under § 1983 cannot be based on the doctrine of *respondeat superior*. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, the plaintiff must show that the defendant personally violated his rights. For supervisory liability to attach, the defendant must be shown to have encouraged the violation of the plaintiff's rights

---

[7]Although the complaint is not extremely clear, this Court gleans that the plaintiff did not sue for defamation.

"or in some other way directly participated in it." *Id*. (internal quotation marks omitted). "At a minimum," the defendant must have "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (internal quotation marks omitted).

Stated differently, supervisory liability will attach if the defendant possessed information revealing a "strong likelihood" of unconstitutional conduct by subordinate officers but did nothing to prevent the misconduct, thereby causing harm to the plaintiff. *See Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir.2002), *cert. denied*, 537 U.S. 1232 (2003); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 513 (6th Cir.1996). In such circumstances, the defendant is said to have exhibited "deliberate indifference" to violations of the plaintiff's constitutional rights.

Here, there is no genuine issue of material fact that Sheriff Graybeal possessed information revealing a "strong likelihood" of unconstitutional conduct by his subordinates and did nothing to prevent the conduct. As such, the section 1983 claim against him in his individual capacity is **DISMISSED**.

As to Sheriff Graybeal and Lt. Judy in their official capacities, and to the county,[8] to establish liability under § 1983, a plaintiff must demonstrate that (1) he

---

[8]The county is not clearly identified as a defendant in the caption of the complaint. However, the plaintiff does separately list the county in paragraph six as a defendant. The Court will not dismiss the claim against Washington County on this basis, however, since not raised by the defendant, despite the fact that Rule 10(a) requires that the caption of the complaint "names all the parties." See Fed. R. Civ. P. 10(a).

was deprived of a right secured by the Constitution or laws of the United States, and (2) he was subjected or caused to be subjected to this deprivation by a person acting under color of state law.[9] *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1979)). Suits against defendants in their official capacities as county employees are essentially suits against the county. *See Fox v. Van Oosterum*, 176 F.3d 342, 347-48 (6th Cir. 1999) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978)); *see also Scott*, 205 F.3d at 879 n. 21. It is firmly established that a municipality, or as in this case, a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694. To prevail, the plaintiff must show that the alleged federal rights violation occurred because of a municipal policy or custom. *Id.*

In so doing, the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

A plaintiff may look to four different avenues to prove the existence of

---

[9]The same standard applies to all defendants in their official capacities.

a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of in adequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  *Monell*, 436 U.S. at 694.

In the instant case, the plaintiff has failed to allege the existence of an illegal policy or custom of the county.  The plaintiff does not allege any of the four different avenues to prove the existence of such.  This Court FINDS that there is no genuine issue of material fact as to the claims based on the defendants' conduct in their official capacities or against the county.  Accordingly, the defendants' motion is **GRANTED** in this respect, and the claims against all defendants in their official capacities and against the county are **DISMISSED.**

Finally, the only remaining claims are state law claims of malicious abuse of process and intentional infliction of emotional distress as to all defendants.  Title 28 United States Code section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010).

A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

When determining whether to dismiss a *pro se* complaint, these complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (quoting *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, a *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (citation omitted). However, *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). The lenient treatment generally accorded to *pro se* litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

"[A] plaintiff must establish by evidence two elements to recover for abuse of process: (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 400 (Tenn. 2002) (citations omitted). Here, even considering the liberal pleading standard for *pro se* plaintiffs, this Court cannot FIND that the plaintiff has stated a claim against any defendant on this claim. As such, the claim against all defendants is **DISMISSED**.

The plaintiff also alleges that the defendants intentionally inflicted emotional distress upon him. There are three essential elements to this cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct

complained of must result in serious mental injury. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In discussing these elements, the Tennessee Supreme Court has emphasized that it is not sufficient that a defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." *Id.* (citations omitted). In addition, a plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Also, the Tennessee Supreme Court has stated:

> Although the plaintiff is generally not required to present expert testimony to validate the existence or severity of a mental injury, we emphasize that the evidence must establish that the plaintiff's mental injury is serious or severe.
>
> It is only where [the mental injury] is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress is so severe that no reasonable [person] could be expected to endure it.
>
> Restatement (Second) of Torts § 46 cmt. j (1965).

*Id.* at 615 n.4.

Again, the plaintiff has not sufficiently alleged all the material elements

to sustain a recovery for this theory.  As such, the intentional infliction of emotional distress claim is **DISMISSED**.

In conclusion, because this Court has granted the defendants' motion in all respects regarding the merits of the claims raised in the motion, this Court need not address the defendants' final argument that all claims should be dismissed because the plaintiff failed to file an exhibit list, a witness list, and a list of damages. In sum, all of the plaintiff's claims against all defendants are hereby **DISMISSED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
